# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES W. FOWLER CO.**, | Case No. 3:18-cv-01705-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **QBE INSURANCE CORPORATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff James W. Fowler Co. ("Fowler") moves this Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for partial judgment on the pleadings. Defendant QBE Insurance Corporation ("QBE") opposes the motion. For the reasons that follow, the Court denies the motion.

## BACKGROUND

QBE sold Fowler an insurance contract for equipment that was being used by Fowler on a construction project in North Dakota. The construction project required Fowler to install a 2,800-foot concrete pipeline, and Fowler used a micro-tunnel boring machine ("MTBM") to tunnel horizontally to install the pipeline. ECF 9. Fowler purchased insurance from QBE to protect its equipment on the project.

On October 5, 2017, while Fowler was performing work on the project, a section of the concrete pipe cracked and deformed such that the tunnel work could not proceed. Fowler alleges

that because of how the section of pipe was located, the MTBM could no longer progress forward, nor could it be removed from the tunnel, rendering it useless and inoperable. On October 30, 2017, Fowler tendered the MTBM loss claim to QBE. On September 26, 2018, QBE sent Fowler a letter, denying coverage for the claimed loss of the MTBM. Fowler then brought this action for declaratory judgment, alleging that QBE is liable to Fowler under the insurance policy for the MTBM loss.

## STANDARDS

Fowler brings this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6)." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)). Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)). A judgment on the pleadings therefore is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Fajardo v. Cty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

## DISCUSSION

Under the Contractors' Equipment Policy (the "CE Policy") issued by QBE, "Scheduled Equipment" is covered, which includes the MTBM. For covered property, the CE Policy provides coverage for "risks of direct physical loss unless the loss is limited or caused by a peril that is excluded." Amended Complaint, Exhibit A, ECF No. 9-1 at 67. QBE declined coverage on the ground that "the policy only provides coverage for direct physical loss to the MTBM,"

PAGE 2 – ORDER

and asserted that there was not direct physical loss to the MTBM, insofar as "[d]irect physical loss entails some actual damage to the MTBM itself." Amended Complaint, Exhibit C, ECF No. 9-3 at 4; *see* Answer to Amended Complaint, ECF No. 23 ¶ 22.

The CE Policy does not define "direct physical loss." Fowler argues that the common understanding of "direct physical loss" includes tangible property being placed beyond recovery when it is immobilized and stranded—even if the property itself may not be damaged or destroyed, and that such a definition is reasonable in the context of the CE Policy. Fowler adds that the text of the CE Policy, if ambiguous, must be construed against QBE. *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 470 (1992) (holding that ambiguous terms contained within an insurance policy are to be construed against the insurer).

QBE responds that even if Fowler is correct in its legal argument regarding the meaning of "direct physical loss" in the CE Policy, QBE has expressly denied the factual premise that the MTBM is irretrievably immobilized, stranded, and otherwise not capable of being recovered. Answer, ECF 23 ¶ 12. In paragraph 12 in QBE's Answer, QBE denies the allegations in Fowler's First Amended Complaint, which alleges that "after the Pipe Occurrence, the MTBM could not progress forward, and could not be removed from the tunnel, rendering it useless and inoperable (hereinafter 'MTBM Loss')." To be precise, QBE's Answer states, "QBE presently lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them." Answer ECF 23.

Fowler responds that QBE's denial based on lack of knowledge should be rejected because QBE "had a right and duty to investigate, actually investigated, and then made determinations of the facts." ECF 30. Fowler also argues that QBE made factual determinations in its denial of coverage letter that acknowledge that the MTBM "is currently

PAGE 3 – ORDER

stranded/immobilized underground." ECF 9-2. Fowler cites no legal authority, however, for the proposition that a denial in an answer to a civil complaint based on lack of knowledge is not "effective" if the party making the denial had a right to investigate, actually investigated, and made a determination of the facts. Nor does Fowler cite legal authority for the proposition that a party may not make such a denial if it made a seemingly contradictory statement in an insurance coverage denial letter.

Because this Court must accept as true QBE's denial of the fact that the MTBM could not be removed from the tunnel, Fowler is not entitled to judgment on the pleadings. *Fajardo*, 179 F.3d at 699 (holding that judgment on the pleadings is properly granted when, taking all the allegations in the non moving party's pleadings as true, the moving party is entitled to judgment as a matter of law). Further, the Court need not reach Fowler's other arguments that no exclusion applies to preclude coverage when the MTBM cannot be removed because whether the MTBM can be removed cannot be resolved at the pleading stage.

## CONCLUSION

Fowler's Motion for Partial Judgment on the Pleadings (ECF 24) is DENIED.

**IT IS SO ORDERED.**

DATED this 25th day of June, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge