FILED

**NOT FOR PUBLICATION**

OCT 21 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES W. FOWLER CO., an Oregon Company, | No.    20-35926 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-01705-SI |
| v. | |
| QBE INSURANCE CORPORATION, a foreign insurance company, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 8, 2021
Portland, Oregon

Before:  W. FLETCHER, IKUTA, and BRESS, Circuit Judges.

QBE Insurance Corporation ("QBE") appeals from the district court's order

granting summary judgment to James W. Fowler Co. ("Fowler").  We have

jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court erred in granting summary judgment in favor of Fowler because there is a genuine dispute of material fact as to whether Fowler suffered a "direct physical loss," for purposes of the insurance policy between Fowler and QBE (the "Policy"), when Fowler's Micro-Tunnel Boring Machine ("MTBM") was immobilized some hundred feet below the surface of the ground.

Given that the Policy does not specifically define "direct physical loss," and that the plain meaning of the term does not resolve the question before us, under Oregon law we must defer to Fowler's interpretation of "direct physical loss" because it is plausible and reasonable in context. *See Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Oregon*, 313 Or. 464, 474–75 (1992). Thus, like the district court, we adopt Fowler's interpretation that it has suffered a "direct physical loss" if the MTBM is either impossible or unreasonably expensive to recover. To the extent the district court improperly interpreted "direct physical loss" more broadly in reliance on the "Recoveries" section of the Policy, which requires the insured to refund the insurer if lost property is subsequently recovered, such reliance was error. The Recoveries section is implicated only *after* there is a "direct physical loss," and does not assist in interpreting that term.

Adopting Fowler's interpretation does not resolve the case, however, because the parties and their experts dispute whether the MTBM is impossible to

2

recover and (assuming it is recoverable) whether recovery costs would be unreasonably expensive.  That dispute is genuine and material and therefore precluded summary judgment for Fowler.

**REVERSED AND REMANDED.**